UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAJOR MACK,
    Plaintiff,

v.

SAN MATEO COUNTY, et al.,
    Defendants.

Case No. 22-cv-00775-YGR (PR)

**ORDER TO SHOW CAUSE**

    Plaintiff, an inmate at Maguire Correctional Facility, has filed a *pro se* complaint under 42 U.S.C. § 1983. He also seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. A review of the complaint reveals that plaintiff has not exhausted California's prison administrative process, however.

    The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Ross v. Blake*, 136 S. Ct. 1850, 1856-58 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

    Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to appeal and have resolved grievances relating to their confinement. Pursuant to Section 1073, San Mateo County has established grievance procedures for inmates at Maguire Correctional Facility. An inmate must exhaust his administrative remedies for constitutional claims *prior to* asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). If an inmate exhausts a claim after

bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.")

Here, plaintiff concedes he has not exhausted his administrative remedies. Dkt. 1 at 2.[1] Furthermore, plaintiff has not presented any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement. *Cf. Booth*, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into section 1997e(a)). Plaintiff states that the reason he has not exhausted is "irreparable harm and danger." *Id.* However, as mentioned above, exhaustion is mandatory and not left to the discretion of the district court. *Woodford*, 548 U.S. at 84 (citing *Booth*, 532 U.S. at 739). Courts may not create their own "special circumstances" exceptions to the exhaustion requirement. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably—even though mistakenly—believed he had exhausted remedies). There is no authority for the proposition that "irreparable harm and danger" excuses the exhaustion requirement. Indeed, an inmate's concerns about the safety of his institution may be addressed more rapidly through an administrative appeal to the institution's officials than through a lawsuit in federal court. Regardless, this Court does not have the authority to create an exception to the exhaustion requirement based on plaintiff's aforementioned reason for not exhausting.

When the district court concludes that the plaintiff has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). However, here, plaintiff will be provided one final opportunity to show cause within **twenty-eight (28) days,** why this case should not be dismissed without prejudice for failure to exhaust. Specifically, to avoid dismissal, plaintiff needs to provide

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.

2

proof that extraordinary circumstances existed in order to excuse him from complying with PLRA's exhaustion requirement. *See e.g., Ross*, 136 S. Ct. at 1859-60 (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief.")  **Failure to reply will result in dismissal without prejudice.**

Plaintiff's request to proceed *in forma pauperis* will be granted in a separate written Order.

IT IS SO ORDERED.

Dated: April 25, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge