UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJOR MACK,<br><br>    Plaintiff,<br><br> v.<br><br>SAN MATEO COUNTY, et al.,<br><br>    Defendants. | Case No. 22-cv-00775-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

  Plaintiff, an inmate at Maguire Correctional Facility, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On April 25, 2022, the Court reviewed Plaintiff's complaint and ordered him to show cause within twenty-eight days why this action should not be dismissed without prejudice for failure to exhaust administrative remedies. Dkt. 8 at 2-3. Plaintiff was warned that the "[f]ailure to reply will result in dismissal without prejudice." *Id.* at 3. The twenty-eight-day deadline has passed, and Plaintiff has failed to file a timely response to the order to show cause. As Plaintiff has not shown that he exhausted his administrative remedies prior to filing suit, the Court DISMISSES this action without prejudice.

  The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Compliance with the exhaustion requirement is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

  Although non-exhaustion under Section 1997e(a) is an affirmative defense, a prisoner's concession to non-exhaustion is a valid ground for dismissal. *See Wyatt v. Terhune*, 315 F.3d

1108, 1119-20 (9th Cir. 2003) (prisoner's concession to non-exhaustion is valid ground for dismissal, as long as no exception to exhaustion applies), *overruled on other grounds in Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *See id.* The Ninth Circuit has interpreted Section 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

It is obvious from the face of Plaintiff's complaint that he did not exhaust his administrative remedies *before* filing the instant suit. *See* Dkt. 1 at 2.[1] Because Plaintiff has not filed a response to the order to show cause, he has failed to provide a sufficient reason to excuse administrative exhaustion. Unfortunately for Plaintiff, he has not satisfied the exhaustion requirement under *McKinney*. Because Plaintiff did not exhaust his claims *prior to* filing this action, this action is DISMISSED without prejudice to re-filing his claim in a new case. *See McKinney*, 311 F.3d at 1199-1201.

The Clerk of the Court shall close the file.

IT IS SO ORDERED.

Dated: June 3, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.